CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANTONIO GARCIA DIAZ, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
|                  *Plaintiff,* | **COMPLAINT** |
|    -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| HOME THREAD INC. (D/B/A MAX DEALS) and MUHAMMAD U ANDHA, | **ECF Case** |
|             *Defendants.* |  |

-------------------------------------------------------X

Plaintiff Antonio Garcia Diaz ("Plaintiff Garcia" or "Mr. Garcia"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Home Thread Inc. (d/b/a Max Deals), ("Defendant Corporation") and Muhammad U Andha, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Garcia is a former employee of Defendants Home Thread Inc. (d/b/a Max Deals) and Muhammad U Andha.

2.      Defendants own, operate, or control a discount store, located at 4290 Broadway, New York, NY 10033, under the name "Max Deals".

3.      Upon information and belief, individual Defendant Muhammad U Andha, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the Discount Store as a joint or unified enterprise.

4.      Plaintiff Garcia was employed as a stock clerk at the discount store located at 4290 Broadway, New York, NY, 10033.

5.      At all times relevant to this Complaint, Plaintiff Garcia worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Garcia appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Garcia to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Garcia and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff Garcia now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.    Plaintiff Garcia seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Garcia's state law claims under 28 U.S.C. § 1367(a).

12.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a discount store located in this district. Further, Plaintiff Garcia was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.    Plaintiff Antonio Garcia Diaz ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in New York County, New York.

14.    Plaintiff Garcia was employed by Defendants at Max Deals from approximately July 2021 until on or about March 26, 2023.

15.    Plaintiff Garcia consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a discount store, located at 4290 Broadway, New York, NY 10033, under the name "Max Deals".

17.     Upon information and belief, Home Thread Inc. (d/b/a Max Deals) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 4290 Broadway, New York, NY, 10033.

18.     Defendant Muhammad U Andha is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Muhammad U Andha is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Muhammad U Andha possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Garcia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

19.     Defendants operate a discount store located in a neighborhood in Manhattan.

20.     Individual Defendant, Muhammad U Andha, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

21.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22.     Each Defendant possessed substantial control over Plaintiff Garcia's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Garcia, and all similarly situated individuals, referred to herein.

23.     Defendants jointly employed Plaintiff Garcia (and all similarly situated employees) and are Plaintiff Garcia's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

24.     In the alternative, Defendants constitute a single employer of Plaintiff Garcia and/or similarly situated individuals.

25.     Upon information and belief, Individual Defendant Muhammad U Andha operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

   e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of his own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

26.    At all relevant times, Defendants were Plaintiff Garcia's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Garcia, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Garcia's services.

27.    In each year from 2021 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Discount Store on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

29.    Plaintiff Garcia is a former employee of Defendants who was employed as a stock clerk.

30.    Plaintiff Garcia seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Antonio Garcia Diaz*

31.    Plaintiff Garcia was employed by Defendants from approximately July 2021 until on or about March 26, 2023.

32.    Defendants employed Plaintiff Garcia as a stock clerk.

33.    Plaintiff Garcia regularly handled goods in interstate commerce, such as clothes, home goods, party goods, and other supplies produced outside the State of New York.

34.    Plaintiff Garcia's work duties required neither discretion nor independent judgment.

35.    Throughout his employment with Defendants, Plaintiff Garcia regularly worked in excess of 40 hours per week.

36.    From approximately July 2021 until on or about December 6, 2021, Plaintiff Garcia worked from approximately 10:00 a.m. until on or about 8:00 p.m., 6 days a week (typically 60 hours per week).

37.    From approximately December 7, 2021, until on or about March 6, 2023, Plaintiff Garcia worked from approximately 9:00 a.m. until on or about 8:00 p.m., 4 days a week, and from approximately 9:00 a.m. until on or about 7:00 p.m., 2 days a week (typically 64 hours per week).

38.    Throughout his employment, Defendants paid Plaintiff Garcia his wages in cash.

39.    From approximately July 2021 until on or about March 26, 2023, Defendants paid Plaintiff Garcia a fixed salary of approximately $800 per week.

40.    Although Plaintiff Garcia was granted a 30-minute daily break, it was often interrupted.

41.    Nevertheless, Defendants deducted 30 minutes from Plaintiff Garcia's weekly paycheck for those breaks that were interrupted.

42.    From approximately July 2021 until on or about December 8, 2021, Plaintiff Garcia was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked during this time period. Plaintiff Garcia started utilizing a punching machine on or around December 9, 2021, but he does not know if the system tracked his hours correctly.

43.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

44.     Defendants did not provide Plaintiff Garcia an accurate statement of wages, as required by NYLL 195(3).

45.     Defendants did not give any notice to Plaintiff Garcia, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

46.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Garcia (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

47.     Plaintiff Garcia was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

48.     Defendants' pay practices resulted in Plaintiff Garcia not receiving payment for all his hours worked, and resulted in Plaintiff Garcia's effective rate of pay falling below the required minimum wage rate.

49.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

50.     Defendants paid Plaintiff Garcia his wages in cash.

51.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Garcia (and similarly situated individuals) worked, and to avoid paying Plaintiff Garcia properly for his full hours worked.

52.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

53.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Garcia and other similarly situated former workers.

54.     Defendants failed to provide Plaintiff Garcia and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

55.     Defendants failed to provide Plaintiff Garcia and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

56.     Plaintiff Garcia brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

57.     At all relevant times, Plaintiff Garcia and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

58.     The claims of Plaintiff Garcia stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

59.     Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

60.     At all times relevant to this action, Defendants were Plaintiff Garcia's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Garcia (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

61.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

62.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

63.    Defendants failed to pay Plaintiff Garcia (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

64.    Defendants' failure to pay Plaintiff Garcia (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

65.    Plaintiff Garcia (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

66.    Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

67.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Garcia (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68.    Defendants' failure to pay Plaintiff Garcia (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

69.    Plaintiff Garcia (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

70.    Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

71.    At all times relevant to this action, Defendants were Plaintiff Garcia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Garcia, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

72.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Garcia less than the minimum wage.

73.    Defendants' failure to pay Plaintiff Garcia the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

74.    Plaintiff Garcia was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

75.     Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

76.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Garcia overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

77.    Defendants' failure to pay Plaintiff Garcia overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

78.    Plaintiff Garcia was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

79.      Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

80.      Defendants failed to provide Plaintiff Garcia with a written notice, in English and in Spanish (Plaintiff Garcia's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

81.      Defendants are liable to Plaintiff Garcia in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

82.      Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

83.      With each payment of wages, Defendants failed to provide Plaintiff Garcia with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

84.    Defendants are liable to Plaintiff Garcia in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION
### OF THE NEW YORK LABOR LAW

85.    Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

86.    At all relevant times, Defendants were Plaintiff Garcia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

87.    Defendants made unlawful deductions from Plaintiff Garcia's wages including, but not limited to, deductions for meals he never ate.

88.    The deductions made from Plaintiff Garcia's wages was not authorized or required by law.

89.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Garcia's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

90.    Plaintiff Garcia was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Garcia respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Garcia and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Garcia and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Garcia's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Garcia and the FLSA Class members;

(f)    Awarding Plaintiff Garcia and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Garcia and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Garcia;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Garcia;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Garcia's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Garcia;

(l)     Awarding Plaintiff Garcia damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Garcia damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Garcia liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Garcia and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Garcia and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Garcia demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 19, 2023

CSM LEGAL, P.C

By:      _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620

catalina@csmlegal.com

March 27, 2023

BY ELECTRONIC

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Antonio Garcia Diaz

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     March 27, 2023

*Certified as a minority-owned business in the State of New York*